OPINION OF THE COURT — BY
CHIEF JUSTICE HAMPTON.
The plaintiff took out his attachment from a justice of the peace, in October last, for the sum of five hundred dollars, rent arrear, which was duly levied on certain slaves of defendant, who replevied, and at the last November term of the Adams circuit court, an issue was joined, and tried by a jury, who found a verdict for plaintiff, in the words and figures folio wing to wit: “ We the jury find a verdict for the plaintiff for five hundred dollars with a deduction of one hundred dollars damages” on which counsel for plaintiff moved the court, under the fifteenth section of the replevin act, for judgment for double the amount of the verdict, and the court doubting of the matter referred the motion to this court. By the said fifteenth section of fire replevin law, it is declared, that “before any writ of replevin shall be granted in case of goods and chatties distrained for rent, the person or persons praying such writ, shall enter into a bond, with one or more sufficient securities, in the clerk’s office in the penalty of at least double the value of the rent distrained for, and costs of suit, to perform and satisfy the judgement of the court in such suit, in case he, she or they shall be cast therein, and if upon the trial of such suit it shall be found that the rent distrained for is justly due; the party injured or delayed by suing forth the said writ, shall recover from the party suing forth and prosecuting the same, double the value of the rent arrear and distrain-ed, for with full costs of the suit &c. The question arrises under the construction of the statute, whether in case only a part of the rent dis-trained for, be found to be due, the double recovery shall be had? By a lease from .plaintiff to defendant, bearing date on the 8th of June, 1824, •it is stipulated, that for and in consideration of the sum of four thousand *171 five hundred dollars, paid and payable, live hundred dollars on the 1st June, 1824, five hundred dollars on the 1st of October, 1824, five'hundred dollars on the 1st of February, 1825, and the like sum at, the end of every four months, until the whole be paid, the said plaintiff leased to defendant for the term of three years from said 1st of June, 1824, the establishment known by the name of the Franklin Hotel, and covenants to repair the stable shed and cellar wall, and- to finish the old cistern. The matter in controversy was the five hundred dollars falling due on the 1st October, 1824, as above stipulated, and the abatement by way of damages allowed by the jury, was probably for a failure on the part of the plaintiff to perform his covenant to repair, &c. There does not appear to have been any objection to this defence, and wo consider it much more speedy than by resort for breach of warranty and would be Ietyn under our statute suffering the consideration tobe impeached. If we say that the statutory penalty shall be inflicted in a case like the present, the effect will be this. The defendant, in order to obtain the benefit of a law made for all equally, and to have plaintiff's claim reduced one hundred dollars for failure of consideration, shall be subjected to a penalty of four hundred dollars, which would make him three hundred dollars worse off, than he would have been had he paid off the whole demand of five hundred dollars plaintiff prefered against him, though a jury of his country has declared on oath that he does not owe but four hundred dollars of that amoupt. A rule of construction, which would lead to such unrighteous results, will not be adopted by this court if to be avoided.
By the 5th section of the same act, it is declared, “in case any distress and sale shall be made under colour of this act, for rent pretended to be due and in arrear, where in truth no rent is due or in arrear, to him her or them in whose name or names or right, such distress shall be taken as aforesaid, then the owners of the goods and chatties so distrained and sold, his executors, or administrators shall have remedy by action of trespass, or upon the case against the person or persons, in whose name or names, such distress shall have been taken as aforesaid, or either of them, his, her or their, executors and administrators, and shall recover double the value of the goods and chatties, so distrained and sold, together, with full costs of suit. As this section precedes the one already remarked upon, that *172 may be considered as a counterpart to this, and to protect by the same penalties, and no greater, and on like terms, the rights of the landlord, with those adopted by this, for the protection of the tenant. As therefore we could not under the'phraseology used in this section, punish the landlord, when he had the smallest possible claim, so neither ought we, by a liberal construction of the other section, to punish the tenant, when he makes it evident, he is entitled, to the least abatement of the plaintiff’s demand. For it should have been allowed him, as the landlord should perform his own stipulation for repair, before he proceeds in this summary way against his tenant. By the 23rd section, the tenant is protected from unreasonable distress, by action for damages. The act being in these features a penal one, should be construed strictly. The penalty was intended to punish wilful misconduct and bad faith on either hand, and shall not be extended by, construction to those who are not subject to this reproach.
Motion overruled, and judgment for the amount of verdict only, and costs of suit.
Ellis and Turner1 concurred.